**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WREN THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3292 |
| | § | |
| CHEVRON USA INC., *et al*. | § | |
| | § | |
| Defendants. | § | |

**ORDER CONVERTING MOTION TO DISMISS TO MOTION FOR SUMMARY
JUDGMENT**

There are three motions pending before this court: OSV's motion to dismiss for lack of

personal jurisdiction, (Docket Entry No. 12), Thomas's motion to remand, (Docket Entry No. 14),

and Chevron's motion to dismiss for failure to state a claim, (Docket Entry No. 2).  The parties have

submitted evidence, including affidavits, in support of their positions as to each motion, based in

part on the discovery the parties conducted on the issues of personal jurisdiction over OSV, ECO's

role, and the identity of Thomas's employer.  The court may consider the extrinsic evidence

submitted in connection with Thomas's motion to remand and OSV's motion to dismiss for lack of

personal jurisdiction without converting those motions to ones for summary judgment.  *See Little*

*v. SKF Sverige AB*, No. H-13-cv-1760, 2014 WL 710941, at \*3 (S.D. Tex. Feb. 24, 2014) (quoting

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)) (in

deciding whether personal jurisdiction exists, "the district court may receive 'any combination of

the recognized methods of discovery,' including affidavits, interrogatories, and depositions to assist

it in the jurisdictional analysis."); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 311 (5th Cir. 2005)

(upholding the district court's piercing of the pleadings when the parties had spent ten months on

postremoval discovery).

The court cannot consider evidence outside the pleadings in ruling on Chevron's Rule 12(b)(6) motion to dismiss unless it converts the motion into one for summary judgment. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Tremont LLC v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 852–53 (S.D. Tex. 2010). To allow full consideration of the evidence the parties have submitted, the court converts Chevron's motion to dismiss for failure to state a claim into a motion for summary judgment. The parties may supplement the record and briefs on the issues that motion raises no later than **July 24, 2015**.

SIGNED on July 6, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge